IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EARL BRUMLEVE and
JOYCE BRUMLEVE,**

**Plaintiffs,**

**v.**

**FORD MOTOR COMPANY, et al.,**

**Defendants.**                                                                  **No. 10-0295-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Plaintiffs' motion to remand (Doc. 13). Plaintiffs argue that Defendant's removal was improper because it has not provided evidence showing that Illinois-citizens are not parties to this action and that Defendant's removal is untimely. Defendants argue that there is complete diversity among the parties to the reinstated action and that the removal is timely (Doc. 17).[1] Based on the record and the applicable law, the Court grants the motion to remand.

In its almost year and half existence, this case has a convoluted history. On February 26, 2009, Plaintiffs Earl Brumleve and Joyce Brumleve filed suit in the Madison County, Illinois Circuit Court against Ashland Chemical Company, Ashland Oil, Inc., BP Amoco Chemical Company, BP Products North America, Inc., Chase

---

[1] On June 28, 2010, the Court allowed Ford to join in E.I. DuPont Nemours Company's brief in opposition to the remand (Doc. 23).

Products Company, Conocophillips, Co., E.I. DuPont De Nemours Company, Exxon Mobil Corporation, Ford Motor Company, International Paint Company, Rust-Oleum Corporation, Shell Chemical Company, Shell Oil Company, Sherwin Williams Company (THE), Sigma Coatings USA B.V., Inc., Turtle Wax, Inc., United States Steel Corporation, and Valspar Corporation, ***Brumleve v. Ashland Chemical Co.*, 09-L-182** (Doc. 2-1, ps. 1-12).  The complaint alleges strict liability (Count I), negligence (Count II), willful and wanton misconduct (Count III), Conspiracy (Count IV) and loss of consortium (Count V) arising out of Earl Brumleve's exposure to benzene and benzene containing products which caused him to be diagnosed with Myelodysplastic Syndrome on or about March 10, 2008.  Plaintiffs allege that Defendants manufactured, utilized and/or distributed the benzene containing products.  Plaintiffs claim that Earl Bumleve was "employed in various locations as an oil burner serviceman, a pipefitter, a maintenance man, and equipment repairman."  The complaint also alleges that the Brumleves are residents of Kentucky and that Turtle Wax, Inc., and Chase Products Co, are Illinois Corporations doing business in Madison County, Illinois. On October 29, 2009, the Madison County, Illinois Circuit Court granted a motion to dismiss pursuant to Illinois Supreme Court Rule 187 ("Rule 187") and dismissed Plaintiffs' complaint subject to the conditions set forth in Rule 187 (Doc. 2-1, p. 35).[2]

---

[2]Rule 187 provides in part: "*Dismissal of action*.  Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions: (i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and (ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.  If the defendant refuses to abide by these

On January 29, 2010, Plaintiffs re-filed their case in Kentucky state court against only Defendants Ford Motor Company ("Ford") and the E.I. DuPont Nemours Company ("DuPont"), ***Brumleve v. E.I. DuPont De Nemours Co.*, 10-CI-00675** (Doc. 2-1, ps. 55-65).  On February 22, 2010, Ford removed the Kentucky state court case to the United States District Court for the Western District of Kentucky based on diversity jurisdiction, 28 U.S.C. § 1332, ***Brumleve v. E.I. DuPont De Nemours Co.*, 10-cv-0110-H (W.D. KY)** (Doc. 2-1, ps. 66-70).  On March 1, 2010, Ford, in the Western District of Kentucky case, filed a motion to dismiss containing a statute of limitations defense (Doc. 2-1, ps. 71-76 ).  Thereafter, the Plaintiffs filed a motion to reinstate action based upon Defendants' failure to abide by the conditions of Supreme Court Rule 187(c) in the Madison County, Illinois Circuit Court case (Doc. 2-1, p. 39).  On March 22, 2010, Ford, in the Western District of Kentucky case, filed a notice of withdrawal of that portion of its motion to dismiss asserting the statute of limitations defense (Doc. 2-1, 91).  The next day on March 23, 2010, the Madison County, Illinois Circuit Court granted Plaintiffs' motion to reinstate cause of action based on Ford and DuPont's violation of the Rule 187 Order and set the case management conference for May 26, 2010 (Doc. 2-1, p. 93).  Subsequently, on April 20, 2010, Ford with the consent of DuPont removed this case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 2).

---

conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted.  If the court in the other forum refuses to accept jurisdiction, the plaintiff may, within 30 days of the final order refusing jurisdiction, reinstate the action in the court in which the dismissal was granted.  The costs attending a dismissal may be awarded in the discretion of the court."  **ILCS S. Ct. R. 187(c)(2)**.

Now before the Court is Plaintiffs' motion to remand (Doc. 13). Defendants oppose the motion (Doc. 17). As the motion is ripe for ruling, the Court turns to address the merits of the motion.

## II. Analysis

The federal removal statute, **28 U.S.C. § 1441**, provides that a diversity action is removable if the requirements for diversity jurisdiction are met and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." **28 U.S.C. § 1441(b)**.[3] Thus, if a properly joined-and-served defendant resides in the state where an action is brought, that action may not be removed on diversity grounds. *Id*. This rule – the so-called forum defendant rule – "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." ***Spencer v. United States Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004)(quoting Erwin Chemerinksy, *Federal Jurisdiction* § 5.5 (4th ed. 2003)); *see also* 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 107.14(2)(e)(I) (3d ed. 1999)**. Further, federal procedural rules do not begin to apply to a removed action until after removal occurs, therefore, courts must apply state rules to pre-removal conduct. **See Fed. R. Civ.P. 81(c); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628 (7th CIr. 2007); *Romo v.***

---

[3]The Court notes that a court's jurisdiction is measured at the time of removal, and is not affected by subsequent events. ***See e.g., Tropp v. W.-S. Life Ins.* Co., 381 F.3d 591, 595 (7th Cir. 2004); *In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938))**.

***Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001)**.

Here, Plaintiffs maintain that because Turtle Wax and Chase Products are Illinois Defendants, the removal of this case was improper.  Specifically, Plaintiffs argue at the time Ford removed this case, the original case filed on February 26, 2009 against all Defendants had been reinstated in the Madison County, Illinois Circuit Court on March 23, 2010.  Defendants maintain that Rule 187 does not revive claims that Plaintiffs opted not to re-file - i.e., against Turtle Wax and Chase Products, and that Plaintiffs do not assert that they even intend to prosecute their dismissed claims against Turtle Wax and Chase Products, assuming that those claims were technically reinstated.  The Court rejects Defendants' arguments.[4]

Based on the record, the Court concludes that the Madison County, Illinois Circuit Court reinstated the *original* cause of action against *all* Defendants filed on February 26, 2009.  Plaintiffs' motion to reinstate specifically asked that the original action filed in state court be reinstated:

> "Therefore, as per Rule 187, Plaintiffs' original benzene cause of action '**shall** be reinstated for further proceedings in the court in which the dismissal was granted.' Supr. Ct. R. 187; see also *Miler* [sic] *v. Consolidated Rail Corporation*, 173 Ill.2d 252, 671 N.E.2d 39 (1996)." (Doc. 2-1, p. 41).

Further, the March 23, 2010 Order is titled "ORDER REINSTATING CAUSE OF ACTION"; the caption contains Ashland Chemical Co. as the lead Defendant and the

---

[4]Further, Defendants merely argue that Turtle Wax and Chase Products are fraudulently joined.  The Court need not address this argument as Defendants did not fully develop it.  ***See Weinstein v. Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir. 2005)**.

substance reads:

> This matter comes before the Court on a Motion to Re-Instate Action, it is hereby ordered that, pursuant to Illinois Supreme Court Rule 187, said motion is granted and the case is Reinstated in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, for further prosecution or other disposition. CMC is scheduled for May 26, 2010 in this matter.

Further, the Court also finds that the original case against *all* Defendants was removed to this Court on April 20, 2010. Clearly, the forum defendant rule applies and Defendant Ford's removal was improper. Thus, the Court need not address whether the removal was timely.

### III. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 13). Pursuant to 28 U.S.C. § 1447(c), for failure to comply with the forum defendant rule, the Court **REMANDS** this case to the Madison County, Illinois Circuit Court. Further, the Court **DENIES as moot** Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 21) and Plaintiffs' motion for oral argument (Doc. 26).

**IT IS SO ORDERED.**

Signed this 14th day of July, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**